UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IVORY Q. HILL,                )
                              )
        Petitioner,            )
                              )
    v.                        )   CAUSE NO. 3:16-CV-103 WL
                              )
SUPERINTENDENT,               )
                              )
        Respondent.            )

OPINION AND ORDER

Ivory Q. Hill, a *pro se* prisoner, filed a habeas corpus petition challenging REF 15-10-001, a prison disciplinary proceeding held at the Indianapolis Re-entry Educational Facility. On October 2, 2015, the Disciplinary Hearing Officer (DHO) found him guilty of Use and/or Possession of a Cellular Telephone or Other Wireless Device in violation of A-121. As a result, he was sanctioned with the loss of 120 days earned credit time and a demotion to Credit Class 2.

In his petition, he raises two grounds to challenge the finding of guilt: (1) he was denied an impartial decision maker; and (2) the evidence was insufficient to find him guilty.

As to the first ground, Hill's acknowledges that he did not present it to the Final Reviewing Authority. (DE 1 at 2). In habeas corpus proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(I)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat

1

> sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

Because Hill concedes that he did not present this ground to the Final Reviewing Authority, it is procedurally defaulted. Nevertheless, procedural default can be excused and the court can consider a claim that was not properly raised if a petitioner can demonstrate cause and prejudice. *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013). Here, Hill fails to demonstrate either. Instead, he merely states that he did not know he should have raised that claim. (DE 1 at 2.) However, "it is well established in this Circuit that circumstances such as youth, lack of education, and illiteracy are not external impediments within the context of excusing procedural default." *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003). Indeed, *Harris* went on to hold that neither mental retardation, mental deficiencies, nor mental illness demonstrate cause to excuse procedural default. Therefore, Hill's ignorance does not excuse the procedural default.

Second, Hill claims there was insufficient evidence to find him guilty of Use and/or Possession of a Cellular Telephone or Other Wireless Device. In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question

is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994). Additionally, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Hill was found guilty of Class A offense 121, which is defined as "unauthorized use or possession of any cellular telephone or other wireless or cellular communications device." In this case, it is clear that the record in this case contains at least "some evidence" to support the hearing officer's determination that Hill was guilty. The conduct report states:

> On 9/30/15 [at] approximately 7:41 AM I officer George Edmonds witnessed resident Ivory Hill #157982 standing looking down at the cell phone in his hand, with residents Cornelius Powell 910860, Myron McKnight 894255, Eric McNeal 147483 all in a huddle looking down at the cell phone in Resident Hill's hand. I Edmonds order[ed] Hill after he began to walk away to hand I Edmonds the cell phone in his hand. Hill stated "he don't have anything." Then I Edmonds witnessed Hill continue to move around towards Cornelius Powell 910220 who stood behind Hill. I Edmonds witnessed Hill hand Powell an object then walked away. I Edmonds order[ed] Hill again not to move. I order[ed] Hill for his coat. I Edmonds witnessed in Hill's coat (black) pocket an open pack of New Poets cigarettes with a black cell phone charger inside a white work glove. I Edmonds confiscated items and called on cell phone Lt. Phearson.

(DE 4-1.)

Also, at the disciplinary hearing, Hill admitted that a cell phone charger was found in his pocket at the time of the incident. (DE 4-3.) Hill's admission and the conduct report are some evidence that Hill possessed an unauthorized cellular device. *McPherson*, 188 F.3d at 786 (7th Cir. 1999) (conduct report alone provided some evidence to support disciplinary determination). Again, Edmonds

3

observed Hill had a cellular telephone in his hand and then found a phone charger in Hill's coat pocket. Although Hill denies that he possessed a cellular telephone, it is not the province of this court to re-weigh evidence. Because there is some evidence to support the hearing officer's determination, there is no basis for granting habeas relief on this ground.

For the reasons set forth above, the court **DENIES** the petition and this case is **DISMISSED**.

ENTERED: March 24, 2017

                                              s/William C. Lee
                                             William C. Lee, Judge
                                             United States District Court